MORIAL, Judge.
The New Orleans Aviation Board (Board)[1] is an unattached board of the executive branch of the City of New Orleans. On August 10, 1972 the Board unanimously approved a resolution “ * * * establishing the payment of 15% of gross receipts to the Board, effective July 11, 1972, for the following types of non-contractual ground transportation activities to and from the New Orleans International Airport (Airport):
1. Limousine service to airport only
2. Prearranged or reserved limousine pickups at the airport
3. Charter busses to and from the airport.”
Pursuant to this resolution the Board demanded payment of defendants who are engaged in non-contractual ground transportation activities to and from the Airport. Defendants failed to make payment and this suit was filed. Defendants filed an exception of no cause of action. They argued that plaintiffs’ petition failed to allege affirmatively the approval by the City Council of the Board’s resolution of August 10, 1973 as required by the Louisiana Constitution of 1921, Article 14, Section 31.6(D).[2] Plaintiffs conceded that specific *216 approval of the City Council was not sought nor has the Council taken any action on the resolution. The district court sustained defendants’ exception. We affirm.
Plaintiffs argue that the required approval of the City Council is contained in the M.C.S. Ordinance No. 680, Sections 1, 2, and 7,[3] adopted on April 19, 1956, which remains unaffected by Article 14, Section 31.6(D) because of the provisions of Article 14, Section 31.6(1) [4] of the Louisiana Constitution of 1921.
The functions of New Orleans Aviation Board are to:
“(1) Administer, operate and maintain all municipal airports and aviation facilities.
“(2) Represent the City in all technical ' matters pertaining to aeronautics in consultation with state, national or international aeronautics officers or agencies.” Home Rule Charter of the City of New Orleans, 1954, Chapter 7, Section 5-702.
Apparently, M.C.S. Ordinance No. 680, Sections 1 and 2 (Code of the City of New Orleans, Sections 4-12.1 and 4 — 12.2 were adopted to supplement the various statutes, ordinances, and the Home Rule Charter, under all of which the Board is charged with the “administration, operation and- maintenance” of the Airport.[5] This ordinance empowers the Board to do nothing more than is specifically approved therein, i. e., “ * * * to execute con *217 tracts and grant concessions * * *.” The rule that city boards created by statute, charter, or ordinance possess only such powers as expressly granted by law requires no citation of authority. It cannot be argued that the specifically restricted grant of powers in M.C.S. Ordinance No. 680, Section 2, or the “ * * * functions of collecting all revenues * * * ” [from operations, contracts and concessions] delegated by M.C.S. Ordinance 680, Section 8, implies approval by the City Council for the Board to exact the payment of a percentage of gross receipts from providers of non-contractual ground transportation activities. The rule of strict construction is applicable to an ordinance conferring powers on a municipal board. There can be no enlargement by implication of the powers specifically granted. Obviously, it was not within the legislative intendment of the City Council by M.C.S. Ordinance No. 680, Sections 1, 2, or 8, to delegate to the Board the power and authority to exact, within its discretion, an onerous payment or pecuniary burden -in the nature of a tax from defendants for engaging in the business of non-contractual ground transportation services at the Airport.[6]
Accordingly, since we conclude that M. C.S. Ordinance No. 680 is specifically limited to the approval therein granted to the Board, it is unnecessary, and we do not decide whether Article 14, Section 31.6(D) expressly or impliedly repeals M.C.S. Ordinance No. 680. We simply conclude that the provisions of Article 14, LSA-Const. 1921, Section 31.6(D) are applicable to the Board’s resolution of August 10, 1972.
Affirmed.

. The New Orleans Aviation Board was established under Article XIY, Sections 22 and 31.6 of the Louisiana Constitution of 1921; LSA-R.S. 2:131-2:141, 2:601 et seq., Chapter 7, Section 5-702, Home Rule Charter of the City of New Orleans, 1954; Ordinances 15,839 C.C.S. and 680 M.C.S., City of New Orleans. The duties of the Board were to construct, administer, maintain, and operate the New Orleans International Airport.

. (D) The City of New Orleans, acting by and through the New Orleans Aviation Board, with the approval of the City Council, is empowered to, and shall, impose, charge and collect, rates, fees rentals and other charges for the use of the said Moisant International Airport and of the facilities constructed pursuant to this Section, in such amounts as will be sufficient at least to provide revenues adequate to maintain and operate the said Airport and facilities heretofore or hereafter constructed, to pay the principal of and interest on and premiums, if any, upon redemption of such obligations, to provide for the renewal and re *216 placement of any or all of the Airport facilities and adequate reserves for all of such purposes, and for that purpose may contract for the operation of the said Moisant International Airport or lease all or any part thereof, to any person or corporation, public or private, upon such terms and conditions, and for such period of years as the New Orleans Aviation Board may deem advisable, after having received the approval of the City Council. Added by Acts 1960, No. 635, adopted Nov. 8, 1960.

. The pertinent parts of which are in Chapter 4, Article 1 of the Code of the City of New Orleans.
Section 4-12.1 provides:
“The New Orleans Aviation Board shall have the. fullest power, authority and responsibility permitted by the Home Rule Charter of the City, consistent with’ordinances heretofore adopted and with its contractual obligations with airline lessees of New Orleans International Airport (Moisant Field), to:
“(1) Administer, operate and maintain all municipal airports and aviation facilities;
“(2) Represent the city in all technical matters pertaining to aeronautics, in consultation with state, national or international aeronautic offices or agencies.” M.C.S., Ord. No. 680, § 1, adopted 4-19-56; M.C.S., Ord. No. 2348, § 2 adopted 12-21-61.
Section 4-12.2 provides:
“In the carrying out of its rights, duties and responsibilities such board, acting through its proper officers, shall have full -power to execute contracts and gra/nt concessions appertaining to airport property and operations, which contracts and concession grants, when duly executed by such Board, shall be binding upon and represent commitments regarding the same on the part of the city.” M.CbS., Ord. No. 680 § 2, adopted 4-19-56. (emphasis supplied)
Section 4-12.7 provides:
“The Council hereby authorizes and approves the delegation by the Director of Finance to the Board of the functions of collecting all revenues described in preceding section and awarding all concessions located on property of the city which is dedicated to airport or other aviation purposes.” M.C.S., Ord. No. 680, § 8, adopted 4-19-56.

. LSA-Const. 1921, Article 14, Section 31.6 (I) provides:
“The provisions of this Section shall be self-operative and shall constitute complete authority for the exercise of the powers herein authorized, and no proceedings, publications, notices, elections, consents or approvals shall be required for exercising any of such powers except such as are herein prescribed, and the provisions hereof are intended as supplemental and additional grants of power and shall not be construed as supplanting or repealing any existing powers of the City of New Orleans.” Added by Acts 1960, No. 635, adopted Nov. 8, 1960.

. Footnote 1, Supra.

. There is no indication in the Board’s Resolution or in the record that the payment of 15% of gross receipts is for a concession or for services rendered, or conveniences supplied by the Board to providers of non-contractual ground transportation services. Cf. Toye Bros. Yellow Cab Company v. Irby, D.C., 305 F.Supp. 905 and D.C., 305 F.Supp, 911, affirmed, 437 F.2d 806. The power to levy a tax is vested in the City Council. See Section 3-101 Home Rule Charter of the City of New Orleans, 1954. This legislative power cannot be delegated to the discretion of an administrative board of the City.