BYRNES, Judge.
Orleans Transportation Service, Inc., (OTSI) appeals the trial court’s ruling in favor of the City of New Orleans (City) and New Orleans Aviation Board (Board) denying OTSI recovery for an alleged breach of contract. We find no error in this ruling and affirm.
In March, 1972 bids were received by the City’s Department of Finance for the public ground transportation contract at New Orleans International Airport. OTSI was awarded the contract and on May 18, 1972, an agreement, incorporating by reference the general terms and conditions of the bid proposal, was entered into by OTSI and the City. Under this contract, OTSI was granted:
... the exclusive right to pick up passengers desiring airport limousine or airport bus service at the airport for transportation to hotels or motels in New Orleans.
Additionally, the agreement obligated the Board to provide OTSI with office space, loading positions and staging areas at the airport terminal.
In return, OTSI was required to supply sufficient ground transportation twenty-four hours a day, seven days a week to accommodate passengers on all incoming and outgoing flights at the airport. For each of the five years of the contract OTSI was also obligated to pay the Board the greater of a specified minimum figure or ten percent of the annual gross revenue received by OTSI for transporting passengers to and from the airport. The contract further provided that:
Should other parties propose to operate similar airport and/or bus service one-way or the airport only, the Board will not ■permit such service without the payment of charges to be determined by the Board, (emphasis added)
Shortly before OTSI was to commence operations, the Board passed the following resolution:
In order that the Board may be properly compensated for providing business opportunities for individuals and companies providing ground transportation services to the airport, it is the consensus of the Board members that these companies be charged 15% on all gross revenues derived from their airport activities for the following types of non-contractual ground transportation activities to and from New Orleans International Airport:
1. Limousine service to the airport only.
2. Pre-arranged or reserved limousine pick ups at the airport.
3. Charter busses to and from the airport. (emphasis added)
The Board notified all limousine and bus companies in the area that this charge would be assessed beginning December 1, 1972. From the effective date of the resolution until April, 1973 several companies made nominal payments to the Board. However, Toye Brothers, one of OTSI’s major competitiors, refused to pay the Board’s fifteen percent charge. Subsequently, the City and the Board filed suit in Civil District Court for the Parish of Orleans to compel Toye Brothers to pay the charge. The trial court sustained Toye Brothers’ exception of no cause of action. This court affirmed the judgment, holding that unless the Board granted concessions or offered services to the providers of non-contractual ground transportation services, the assessment of the fifteen percent charge constituted a tax which the City Council alone was authorized to levy. See City of New Orleans v. Gray Line Motor *603 Tours, 317 So.2d 214 (La.App. 4th Cir. 1975), writ denied, 322 So.2d 774 (La.1975).
Prior to the Gray Line appeal, OTSI filed the instant lawsuit against the City and the Board for alleged breach of contract and damages as a result of their failure to successfully implement and collect a charge from non-contractual transportation providers as provided in its contract with OTSI.
By its first assignment of error, OTSI asserts that the trial court erred in finding that the City and the Board complied with the charging provision of their contract. In determining whether the appellees honored this contractual obligation, we first look to the language of the contract itself. In interpreting this instrument, we are guided by C.C. Art. 2046 which provides that:
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.
To us, the meaning of the charge provision is perfectly clear — the Board was bound to charge all non-contractual ground transportation companies providing limousine service from the City to the airport a fee, the amount of which was “to be determined by the Board.”
In the exercise of this discretion, the Board unsuccessfully attempted to implement and collect the fifteen percent fee imposed by the resolution of August 10, 1972. When this attempt was struck down by the courts, the Board fell back on a pre-existing regulation by which taxis and limousines were charged a twenty five cent fee for each trip to the airport. The record shows that either this fee or the 15% fee struck down by the courts was levied and collected throughout the term of OTSI’s contract with the City.
OTSI argues that because the pre-exist-ing twenty five cent fee was not passed or collected by the Board to comply with its contractual obligation to OTSI it should not construed as fulfilling this obligation. We do not agree.
The contract between OTSI and the City did not attempt to specify the fee which non-contractual ground transportation services would pay. Instead, it unequivocally stated that the charge imposed was to be determined by the Board. We interpret this phrase to mean that the Board could in its discretion, assess whatever fee it deemed reasonable. The Board’s reliance on the pre-existing fee was a permissible exercise of this discretion, particularly in light of its strenuous efforts to impose a greater fee. We are unwilling to hold that the Board’s ultimate failure to impose this greater fee precluded it from collecting a lower fee by alternate means which were not subject to court challenge.
Under these circumstances, we agree with the trial judge’s conclusion that the Board acted reasonably and prudently and did not breach its contract with OTSI. Having reached this conclusion, we need not address the remainder of OTSI’s assignments of error which deal primarily with damages. Judgment of the trial court is therefore affirmed with cost of this appeal assessed to OTSI.
AFFIRMED.